IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **LISA ANN MARTINEZA,**<br><br>           Plaintiff,<br>v.<br><br>**TOWNE ESTATES CONDOMINIUM OWNERS ASSOCIATION, INC.,** *et al.*,<br><br>           Defendants. | Civil Action No. 1:12-cv-779-RGA |
| **TERRANCE BOWMAN and JANELLE N. STEVENSON,**<br><br>           Third-Party Plaintiffs,<br>v.<br><br>**PETTINARO CONSTRUCTION CO.,** *et al.*<br>           Third-Party Defendants. | |

MEMORANDUM ORDER

The Court now takes up Plaintiff's Motion for Sanctions Based Upon The Evidence Of Defendant, Terrance Bowman's Spoliation Of Evidence. (D.I. 182). The issue is fully briefed. (D.I. 183, 184, 187). In the Court's opinion, the motion is meritless.

1.      Plaintiff argues that Defendant Bowman "recklessly instructed non-party, Jason Cox, to replace the subject guard rail without instruction to preserve the same even though litigation was already underway. In failing to preserve the defective guard rail, Defendant Bowman has forever deprived Plaintiff with the opportunity to re-examine relevant evidence and present the subject unsafe railing to the jury." (D.I. 183 at 4). The Plaintiff requests that the Court sanction the Defendants Mr. and Ms. Bowman. *Id.* The Defendants make four

arguments: 1) the contractor that replaced the railing unilaterally decided to destroy the old railing, 2) Plaintiff's experts suggested at their depositions that they saw no value in re-inspecting the railing, 3) Plaintiff's requested relief is counter to all other evidence in the case, and 4) the Plaintiff may still inspect the screw holes that are located in the walls that the railing was attached to. (D.I. 184 at 3).

2. "A party who has reason to anticipate litigation has an affirmative duty to preserve evidence which might be relevant to the issues in the lawsuit." *In re Wechsler*, 121 F. Supp. 2d 404, 415 (D. Del. 2000). If a party breaches this duty, by either destroying evidence or allowing evidence to be destroyed, it may be sanctioned by the Court. *Id.* If the destruction is in bad faith, the Court may impose the most severe of sanctions, dismissal of the claim. *Id.* The Court looks to three factors when determining whether to impose a sanction for the spoliation of evidence:

> 1) the degree of fault of the party who altered or destroyed the evidence;
> 
> 2) the degree of prejudice suffered by the opposing party; and
> 
> 3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future.

*Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994). Despite these factors, there can be no unfavorable inference if the evidence is "lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for." *Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 334 (3d Cir. 1995).

3. Here, the Court considers five main issues. First, the Plaintiff's experts were allowed to examine the railing and in fact did examine the railing. (D.I. 184-2 at 2-48). This examination was sufficient for the Plaintiff's experts to write a forty-six page expert report (page

2

count inclusive of pictures). *Id.* Second, the Plaintiff's expert indicated that no further analysis of the railing was needed. (D.I. 184-3 at 22 ("[I]t was determined by the review of the photographs there was sufficient information for me to render opinions that I did - - given the review of the materials, the discussion with Rich Toland, who did attend the inspection, and the photographs, so I felt that I had sufficient information to render the opinions that I did.") Third, it was Plaintiff's own expert that recommended the replacement of the railing. *Id.* Fourth, the disposal of the railing by the third-party contractor was a result of either confusion or miscommunication as Mr. Cox, the third-party contractor, testified at his deposition that he was asked to "remove the existing [railing] and put a new [railing] in" but not given instructions regarding what to do with the old railing. (D.I. 183 at 5 (citing D.I. 183-11 at 4)). Fifth, both Mr. Bowman and his attorneys attempted to recover the railing upon discovering that the railing had been disposed of. (D.I 184 at 4). The Court finds, based upon the aforementioned facts, that the destruction of the railing does not warrant any form of sanctions as it was not in bad faith and the Defendants' failure to produce the railing is accounted for.

4. The Plaintiff argues that it is not relevant whether the Bowman Defendants destroyed the railing in bad faith as the Bowman Defendants were under a duty to preserve the railing. (D.I. 187 at 2). The Court disagrees. The Court may not impose sanctions if there is not a showing of bad faith. *See Brewer*, 72 F.3d at 334. However, even if this were not true, the Plaintiff has failed to demonstrate any prejudice, as required by *Schmid*. 13 F.3d at 79. The Plaintiff's experts had ample time to examine the railing and in fact did examine the railing. Furthermore, the Plaintiff's experts took pictures of the railing, which may be used in court as a substitute for presenting the railing itself. Finally, while the Plaintiff claims that she has been

deprived of an opportunity to reexamine the railing, the Plaintiff has not cited to any statement made by her experts that indicates that reexamination would serve any useful purpose.[1]

5. For the aforementioned reasons the Court **DENIES** the Plaintiff's Motion for Sanctions. (D.I. 182).

IT IS SO ORDERED this 27th day of May 2014.

Richard G. Andrews
United States District Judge

---

[1] *See* D.I. 182, ¶ 18 (arguing without any support that the injury is deprivation "of the opportunity to re-examine the guardrail").

4