IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **LISA ANN MARTINEZA,**<br><br>    Plaintiff,<br><br>v.<br><br>**TOWNE ESTATES CONDOMINIUM OWNERS ASSOCIATION, INC.,** *et al.,*<br><br>    Defendants. | Civil Action No. 1:12-cv-779-RGA |
| **TERRANCE BOWMAN and JANELLE N. STEVENSON,**<br><br>    Third-Party Plaintiffs,<br><br>v.<br><br>**PETTINARO CONSTRUCTION CO.,** *et al.*<br>    Third-Party Defendants. | |

MEMORANDUM OPINION

Timothy A Dillon, Esq., McCann & Wall, LLC, Wilmington, DE; Jenimae Almquist, Esq. (argued), Messa & Associates, P.C., Philadelphia, PA, attorneys for the Plaintiff.

Kevin J. Connors, Esq. (argued), Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, DE, attorney for the Defendants Towne Estates Condominium Owners Association, Inc., Towne Estates Condominium Association, Towne Estates Council, Conway Management Group, LLC, and Conway Management LLC.

Joseph S. Naylor, Esq. (argued), Swartz Campbell, LLC, Wilmington, DE, attorney for the Defendants Terrance Bowman and Janelle Bowman.

David G. Culley, Esq. (argued), Tybout Redfearn & Pell, Wilmington, DE, attorney for the Defendant Pettinaro Construction, Inc.

Donald L Gouge, Jr., Esq. (argued), Donald L. Gouge, Jr., LLC, Wilmington, DE, attorney for the Defendants William R. Dennis, Jr. and Dennis Home Inspections, Inc.

May 28, 2014

ANDREWS, UNITED STATES DISTRICT JUDGE:

Presently before the Court for disposition are Defendants Terrance Bowman and Janelle N. Stevenson's Motion for Summary Judgment (D.I. 138), Third-Party Defendants Dennis Home Inspections, Inc., and William R. Dennis, Jr.'s Motion for Summary Judgment (D.I. 136), Defendants Conway Management Group LLC, Conway Management LLC, Towne Estates Condominium Association, Towne Estates Condominium Owners Association Inc., and Towne Estates Council's Motion for Summary Judgment (D.I. 143), and Third-Party Defendant Pettinaro Construction Co., Inc.'s Motion for Summary Judgment (D.I. 133). These matters have been fully briefed. (D.I. 139, 140, 155, 172, 151, 166, 167, 173, 144, 145, 157, 158, 174, 134, 137, 151, 156, 164, 168, 185, 188). The Court heard oral argument on the motions on April 17, 2014. (D.I. 189). For the reasons set forth herein, the Defendants' and the Third-Party Defendants' Motions for Summary Judgment are **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

**Procedural Background**

Lisa Ann Martineza ("Plaintiff") filed this action against the Defendants Terrance Bowman, Janelle N. Stevenson, Towne Estates Condominium Owners Association, Inc., Towne Estates Condominium Association, Towne Estates Council, Emory Hill Real Estate Services, Inc., Conway Management Group LLC, Conway Management LLC, and Curtissa Mack on June 20, 2012. (D.I. 1). Emory Hill Real Estate Services, Inc. was dismissed from the case with prejudice on May 29, 2013. (D.I. 81). The Defendants Terrance Bowman and Janelle N. Stevenson then filed a Third-Party complaint against Pettinaro Construction Co., Inc., Dennis Home Inspections, Inc., and William R. Dennis, Jr. (D.I. 82).

1

**The Defendants**

Towne Estates is a 111 unit condominium complex located in Wilmington, Delaware. (D.I. 1 at 4). It was built by Defendant Pettinaro in about 1988. (D.I. 82 at 3). Defendant Mr. Bowman purchased the condominium unit at issue in about 2004 with the intent that his fiancée, Defendant Janelle Stevenson, and he would live there once they were married. (D.I. 155 at 8). In 2006, after Mr. and Mrs. Bowman[1] lived at the unit for a period of time, Mr. Bowman let the unit to Defendant Curtissa Mack.[2] Ms. Mack rented the unit from 2006 to late August 2011. *Id.* At all relevant times the Towne Estates Defendants "owned, operated, managed, maintained, controlled and/or were responsible for the safety" of the condominium complex. (D.I. 1 at 2). The Conway Defendants were contracted by the Towne Estates Defendants to manage the condominium complex.

**The Incident**

On August 15, 2011, the Plaintiff, who had been hired by Ms. Curtissa Mack to help clean and repair the condominium unit, fell at least ten feet after reaching across a second floor balcony railing to drop a bag of trash to the lower floor. (D.I. 155 at 8). Because of the accident, the Plaintiff "suffered multiple fractures of [her] wrists, hips, pelvis, and ribs, a grade 3 liver laceration, and a traumatic head injury resulting in memory impairment." *Id.* at 9.

The balcony railing was designed to be removable, as the condominium layout required that any furniture being moved to the second floor had to be transported through the balcony opening. *Id.* at 8. When the apartment was initially built, the balcony railing had been attached by a lag hook system, which was designed by the third-party defendant Pettinaro. (D.I. 164 at

---

[1] Mrs. Janelle N. Stevenson married Mr. Bowman and now goes by Mrs. Janelle N. Bowman. (D.I. 139 at 5).
[2] The Court entered a default judgment against Ms. Curtissa D. Mack on October 10, 2012. (D.I. 33).

2

9). However, at some unknown time, the lag hook system was replaced with an L-bracket system. (D.I. 155 at 8). When properly attached, the L-bracket system secured the balcony rail with four L-brackets, two on each side of the railing. *Id.*

On the day of the accident Ms. Mack's brother, Mr. Jahmal Mack, removed the railing from the wall so that furniture could be moved out of the apartment. (D.I. 139 at 13). After removing the railing, the railing was placed in one of the two bedrooms on the upper floor. *Id.* Once the furniture was moved, the railing was replaced; however, it is unknown whether or not the railing was attached to the wall at the time that the Plaintiff fell. *Id.* at 8.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party has the initial burden of proving the absence of a genuinely disputed material fact relative to the claims in question. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Material facts are those "that could affect the outcome" of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The burden on the moving party may be discharged by demonstrating that there is an absence of evidence supporting the non-moving party's case. *Celotex*, 477 U.S. at 325.

The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989). A non-moving party asserting that a fact is genuinely disputed must support such an assertion by: "(A) citing to

3

particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the opposing party] do not establish the absence . . . of a genuine dispute . . . ." FED. R. CIV. P. 56(c)(1).

When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 247–49. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 322.

"Under Delaware law, to prevail on a claim of negligence, a plaintiff must prove (1) that the defendant owed the plaintiff a duty of care, (2) that the defendant breached that duty, (3) and that the plaintiff's injury was proximately caused by the breach of that duty." *Halchuck v. Williams*, 635 F. Supp. 2d 344, 346 (D. Del. 2009).

## ANALYSIS

### Mr. and Mrs. Bowman

Mr. and Mrs. Bowman ("Bowman Defendants") argue that their Motion for Summary Judgment should be granted for two reasons: (1) that they owed no duty of care to the Plaintiff and (2) that they were not the proximate cause of the Plaintiff's accident.

<u>Duty of Care</u>

**Legal Standard**

4

Delaware law requires that landlords "[p]rovide a rental unit which shall not endanger the health, welfare or safety of the tenants or occupants and which is fit for the purpose for which it is expressly rented," and that landlords "[m]ake all repairs and arrangements necessary to put and keep the rental unit and the appurtenances thereto in as good a condition as they were, or ought by law or agreement to have been, at the commencement of the tenancy. . . ." 25 Del. Code § 5305(a)(2) & (4). However, a landlord that lacks both possession and control of the leased property is generally not liable to injuries of third-parties for "physical harm caused by any dangerous condition which comes into existence *after* the lessee has taken possession." *Volkswagen of Am., Inc. v. Costello*, 880 A.2d 230, 233 (Del. 2005) (internal citations and quotation marks omitted and emphasis added). Thus, "the duty of the landlord is to maintain the premises in a reasonably safe condition, and to undertake any repairs necessary to achieve that end. Thus, if a landlord can be found to have breached this duty and an injury found to have resulted as a proximate cause of that breach, liability may ensue." *Powell v. Megee*, 2004 WL 249589 at *2 (Del. Super. Jan. 23, 2004) (internal quotation marks and citations omitted).

Delaware law defines a landlord to be:

a. The owner, lessor or sublessor of the rental unit or the property of which it is a part and, in addition, shall mean any person authorized to exercise any aspect of the management of the premises, including any person who, directly or indirectly, receives rents or any part thereof other than as a bona fide purchaser and who has no obligation to deliver the whole of such receipts to another person; or

b. Any person held out by any landlord as the appropriate party to accept performance, whether such person is a landlord or not; or

c. Any person with whom the tenant normally deals as a landlord; or

d. Any person to whom the person specified in paragraphs (15)b. and c. of this section is directly or ultimately responsible.

25 Del. Code § 5141(15).

**Discussion**

The Bowman Defendants make two arguments based upon a lack of duty of care. First, they argue that Mrs. Bowman does not owe the Plaintiff a duty of care because Mrs. Bowman was neither an owner of the property nor its landlord. Second, the Bowman Defendants argue that they do not owe the Plaintiff a duty of care as she is a third-party. The Court will address these two arguments in turn.

<u>Mrs. Bowman</u>

Mrs. Bowman argues that summary judgment should be granted in her favor as she is not a co-owner of the condominium unit, has never possessed any interest in the unit, has not had any contact or communication with Ms. Curtissa Mack or the Plaintiff, and has not had any involvement with the rental property. (D.I. 139 at 24). The Plaintiff argues that Mrs. Bowman was her landlord. (D.I. 155 at 16).

As evidence, Mrs. Bowman cites to the deposition of Ms. Curtissa Mack, Mr. Bowman, and herself to support her arguments. Mrs. Bowman stated in her deposition, "I haven't had a lot to do with the condo. My husband handles all business matters." (D.I. 139-1 at 21). Furthermore, when answering the question, "Did you have any issues with the way that Curtissa Mack kept the property during the time she lived there?," Mrs. Bowman responded, "That would be something you need to ask - - address with my husband. I - - I didn't handle any relations with her, to be honest." *Id.* at 22. Mrs. Bowman also cites her husband's testimony. Mr. Bowman stated at his deposition that he acquired the condominium unit in 2004, two years before Mr. and Mrs. Bowman got married. *Id.* at 25. Mrs. Bowman also points out that when Ms. Curtissa Mack was asked at a deposition, "Did you ever have any interaction with [Mrs.

6

Bowman]?" Ms. Curtissa Mack responded, "I think I met her on one occasion. I'm not sure what the conditions were. But I do recall seeing her at the apartment once." (D.I. 139-2 at 8, 9). Ms. Mack also testified at her deposition that she paid Mr. Bowman, and not Mrs. Bowman, for the rent. *Id*. at 9.

The Plaintiff argues that, "At a minimum, the facts as to Mrs. Bowman's involvement with the property and her actions in collecting rent give rise to a factual issue which cannot be resolved as a matter of law." (D.I. 155 at 16). The Plaintiff argues that Mrs. Bowman did have an interest in the property at issue because she co-habited with her husband in the unit. (D.I. 155 at 12). However, the Plaintiff provides no evidentiary or legal citation that Mrs. Bowman owned an interest in the unit. The Plaintiff also asserts that Mrs. Bowman "had the authority to collect rent" which would qualify her as a landlord. *Id*. To support this claim, the Plaintiff cites to the deposition testimony of Mrs. Bowman, in which Mrs. Bowman indicated that on one occasion she "went over to get money from the client, from the renter." (D.I. 155-2 at 3).

The Court finds that no reasonable juror could conclude that Mrs. Bowman's picking up a single rent check satisfies the statute's definition of a landlord. Specifically, Mrs. Bowman was not "held out by [Mr. Bowman] as the appropriate party to accept performance" as would be required by 25 Del. Code § 5141 (15)(b). The Plaintiff has put forward no evidence to counter Mrs. Bowman's showing that she did not manage the rental of the condominium unit. Finally, the Plaintiff has put forward no evidence that Mrs. Bowman owned any interest in the unit. For these reasons, Mrs. Bowman's Motion for Summary Judgment is granted as the Court finds that no reasonable juror could find that Mrs. Bowman had a duty of care to the Plaintiff.

Duty Owed to a Non-Lessee

The Bowman Defendants argue that they did not have a duty to the Plaintiff because the Plaintiff is a third-party and not a tenant. (D.I. 139 at 17-19). The Plaintiff contends that the Bowman Defendants owed her a duty of care. (D.I. 155 at 15-16). The Plaintiff's argument is premised on the theory that the existence of a removable railing is in and of itself dangerous and preexisted Ms. Curtissa Mack's occupation of the condominium unit. The Plaintiff further argues that as the condition preexisted Ms. Curtissa Mack's possession of the property, under both common law and 25 Del. Code § 5305, the Bowman Defendants' duty to provide a safe property, and to repair it, was not terminated. The Court finds that the existence of a possibly dangerous removable railing prior to Ms. Curtissa Mack taking possession of the unit is sufficient to create a genuine dispute as to a material fact relating to a breach of a duty of care.

## Proximate Cause

**Legal Standard**

Delaware law defines proximate cause as "causation which in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury and without which the result would not have occurred." *Halchuck*, 635 F. Supp. 2d at 346 (internal quotation marks and brackets omitted). However, intervening causes do not automatically cut off proximate cause. Instead, the intervening act "must have been unforeseeable to the original tortfeasor," which is typically a question for the trier-of-fact. *Id.* at 347. "Only in cases where no reasonable difference of opinion as to the conclusion to be reached on the question of whether an intervening cause is abnormal, unforeseeable, or extraordinarily negligent, should the question of proximate cause be determined by the Court as a matter of law." *Id.* (internal brackets and quotation marks omitted).

**Discussion**

8

The Bowman Defendants argue that the injuries to the Plaintiff were solely caused by Ms. Curtissa Mack and were not a result of their actions. (D.I. 139 at 19). The Bowman Defendants provide several supporting arguments, most notably that it was Ms. Curtissa Mack and her family's act of not properly reattaching the railing that was the proximate cause of the Plaintiff's accident. *Id.* at 22, 23. The Plaintiff responds by stating that the Bowman Defendants' arguments amount to "an argument of superseding, intervening cause which must go to a jury." (D.I. 155 at 18). The Court agrees. It is a genuine material disputed question of fact whether the mere existence of the removable system itself was dangerous. Furthermore, as the Bowman Defendants knew that the bannister would be removed at various times during the condominium unit's occupation, it is disputed whether the railing being insufficiently reinstalled would be "abnormal, unforeseeable, or extraordinarily negligent." There exist genuine disputed material facts. The Court denies the Bowman Defendants' Motion for Summary Judgment as it relates to proximate cause.

### William R. Dennis, Jr. and Dennis Home Inspections, Inc.

William R. Dennis, Jr. and Dennis Home Inspections, Inc. ("Home Inspector Defendants") argue that the third-party plaintiffs have not established that the Home Inspector Defendants owed a duty of care to the Bowman Defendants. (D.I. 136 at 4).

**Discussion**

The Home Inspector Defendants are third-party defendants. There is no independent claim on the part of the Plaintiff against the Home Inspector Defendants. Therefore, the present issue is whether there is a duty of care owed by the Home Inspector Defendants to the Bowman Defendants.

The Home Inspector Defendants point to the absence of evidence that they owed any duty of care to the Bowman Defendants and the absence of evidence as to what such a duty would involve. Indeed, no party has provided any evidence detailing the duty of care that was owed by the Home Inspector Defendants to the Bowman Defendants. The Bowman Defendants state only, "[T]o the extent that this Court somehow determines that the Bowmans are potentially liable to Plaintiff based on some longstanding defect that was present when Mr. Bowman purchased the Unit in 2006 [sic], including the original railing as modified with the L brackets, the Inspection Defendants are liable in whole or in part for the same." (D.I. 151 at 4). Delaware law requires that the plaintiff, or here the third-party plaintiff, prove by a preponderance of the evidence the existence of a duty between the two parties. *Halchuck*, 635 F. Supp. 2d at 346. The Bowman Defendants' cursory statement that the Home Inspector Defendants should be liable if the Bowman Defendants are liable is insufficient to satisfy this burden. Therefore, as the Bowman Defendants have not established that there was a duty of care owed to them by the Home Inspector Defendants, the Home Inspector Defendants' Motion for Summary Judgment is granted.[3]

**Towne Estates and Conway Management**

Towne Estates Condominium Owners Association, Inc., Towne Estates Condominium Association, Towne Estates Council, Conway Management Group, LLC., and Conway Management, LLC, ("Towne Estates and Conway Management Defendants") argue that their Motion for Summary Judgment should be granted for three reasons: (1) that they do not owe the

---

[3] The Court notes that the *pro forma* contract that the Home Inspector Defendants submitted to the Court as representing the contract that would have been signed by the Bowman Defendants purports to cap liability at $820, which is twice the cost of the inspection. (D.I. 186 at 2). The Court also notes that the Bowman Defendants offer no argument why the Home Inspector Defendants would have any duty of care to Mrs. Bowman, since she was not a purchaser of the property for which they did the home inspection.

10

Plaintiff a duty of care, (2) that the Plaintiff's retained expert is not qualified to opine on topics relating to the Towne Estates and Conway Management Defendants, and (3) the Lessee (Ms. Curtissa Mack) was the superseding and intervening cause of the accident and thus they were not the proximate cause of the injuries. (*See* D.I. 144 at 9, 13).

**Discussion**

Towne Estates and Conway Management Defendants argue that their responsibilities are limited by the Enabling Declarations and the Management Agreement. The Plaintiff argues that the Towne Estates and Conway Management Defendants had a duty of care to the Plaintiff as a landlord.

The condominium unit at issue is owned by Mr. Bowman, not the Towne Estates and Conway Management Defendants. The obligations of the Towne Estates and Conway Management Defendants is governed by the condominium declaration. *See Goss v. Coffee Run Condo. Council*, 2003 WL 21085388 at * 2 (Del. Ch. Apr. 30, 2003). A condominium declaration is nothing more than a regular contract and is therefore interpreted as such. *See Council of Dorset Condo. Apartments v. Gordon*, 801 A.2d 1, 5 (Del. 2002).

The responsibilities of the condominium owners and the Towne Estates Condominium complex are defined in the Enabling Declarations. Relevant portions of these declarations read:

Article 8: Unit Description

A. Each unit consists of:

> (1) The volumes or cubicles of space within its title lines as shown on the Declaration Plan enclosed by and measured horizontally from the unfinished inner surfaces of the perimeter walls dividing the Unit, and vertically from the unfinished inner surfaces of the ceiling and floor of the Unit;
> . . .

11

(3) The decorated inner surfaces of all said walls, ceilings and concrete slabs consisting of paint, plaster, plasterboard, wallpaper, carpeting, floor tiles and other floor coverings, moldings and baseboards, railings, and all other finishing materials of a similar nature, affixed or installed as part of the physical structure of the Unit;

. . .

B. Excluded from each Unit shall be:

. . .

(3) Structural parts and supports contained within any Unit.

. . .

Article 13: Units - - Their Maintenance and Repairs

. . .

B. It shall be the responsibility of the Council to maintain, repair or replace:

(1) All portions of the Unit which contribute to the support of the Building, including main bearing walls, but excluding painting, wallpapering, decorating or other work on the interior surfaces of walls, ceilings and floors within a Unit.

(2) All portions of a Unit which constitute a part of the exterior of the Building including any balcony or patio.

(3) All Common Elements including those located within a Unit.

. . .

C. It shall be the responsibility of each Unit Owner with reference to that Owner's Unit

(1) Except for those portions of the Unit mentioned and described in Article 12(B) above, to maintain, repair and replace at such Owner's own expense all portions of the Unit which may cause injury or damage to the other Units or to the Common Elements.

. . .

(5) To maintain, repair and replace . . . all non-load bearing interior walls, floors and partitions and windows and doors in the Unit.

12

(D.I. 144-1 at 2, 3, 6-8).

Furthermore, Towne Estates Condominium Association engaged Conway Management Group, LLC. The two parties entered a management agreement. Two relevant sections read:

> 2.5  Maintenance of Common Elements
>
> Subject to the directions of the [Board of the Towne Estates Condominium Association], [Conway Management Group, LLC] shall cause the common elements of the Property to be maintained according to appropriate standards of maintenance consistent with the character of the Property.
>
> . . .
>
> 4  [Conway Management Group, LLC,] Not Responsible for Maintenance of Individual Units
>
> [Conway Management Group, LLC,] shall have no authority or responsibility for maintenance or repairs to individual units in the Property. Such maintenance and repairs shall be the sole responsibility of the owners individually. [Conway Management Group, LLC,] will provide maintenance and construction services to individual units at the request of unit owner for a negotiated contract price.

(D.I. 144-2 at 3, 4).

The Court finds that these contracts, as a matter of law, do not create a relevant duty of care on the part of the Towne Estates and Conway Management Defendants to the Plaintiff. As to the Towne Estates Defendants, the Enabling Declarations draw a clear line between elements of the condominium that are outside the owned units, or inside the owned units, but considered shared, *i.e.*, loadbearing walls and plumbing, and elements that are inside the units but are not shared. The Towne Estates Defendants have responsibilities for the former, but not the latter. The railing in this case is located inside the unit, is not load bearing, is not a shared element with any other unit owner, and therefore is the responsibility of the individual condominium unit

owner. Furthermore, Article 8(A) § 3 clearly defines interior railings as part of the condominium unit, and not as part of the common elements of the condominium.

As for the Conway Management Group Defendants, the management agreement states that Conway Management Group, LLC, is not responsible for anything inside the unit. As here the railing is clearly inside the unit, the management agreement imposes no contractual duty on the Conway Management Group to do anything in relation to the railing, including checking it for safety or repairing it.

The Plaintiff argues that because the Enabling Declarations provide "authorization and right to manage the condominium," the Towne Estates and Conway Management Defendants should be considered landlords. (D.I. 158 at 15). The Court disagrees. While the Plaintiff has cited to six portions of the Enabling Declarations as evidence for her argument, no cited portion provides authorization to either enter the apartment to alter or repair the railing or a duty to have identified the railing as a hazard. The Plaintiff's only citation to the Enabling Document that could provide a duty is described by the Plaintiff as stating, "The right of access to individual units by Towne Estates was 'irrevocable' and expressly includes the right to make repairs, replacements or improvements to the Common elements 'and to the Unit itself.'" *Id.* However, a closer inspection of the section cited to by the Plaintiff, Article 12(D), indicates that the right of entry is limited to (1) "conducting pest extermination," (2) "inspecting and making repairs, replacements or improvements to the *Common Elements*," (3) "prevent damage to the *Common Elements*," (4) "to abate the violation of any laws, orders, rules or regulations of governmental authorities having jurisdiction," and (5) to correct a condition that is in violation of another unit's mortgage. (D.I. 158-13 at 5 (emphasis added)). The Enabling Documents do not create a right of entry or duty to inspect that would be granted to a landlord. Therefore, no

14

reasonable jury could find that the Towne Estates and Conway Management Defendants were landlords under 25 Del. C. § 5141(15).

The Towne Estates and Conway Management Defendants have raised sufficient evidence with the Court to show that they had no duty of care to the Plaintiff. As the Plaintiff has failed to rebut this evidence, the Towne Estates and Conway Management Defendants' Motion for Summary Judgment is granted.

### Pettinaro Construction Co., Inc.

Pettinaro argues that it was not the proximate cause of the accident because (1) the railing attachment system as originally installed in the unit was altered, and (2) there is no evidence that a defect of the original railing system resulted in the accident.

**Discussion**

Pettinaro argues that it cannot be the proximate cause of the accident as the railing system that it installed had been altered. (D.I. 134 at 12). Pettinaro had originally installed a lag screw system to secure the loft railing. *Id.* This lag screw system had been replaced by an unknown subsequent owner or occupant with the L-bracket system that was in use on the day of the accident. *Id.* at 13. The Plaintiff argues that the accident was not the result of the *type* of removable system used to secure the railing, but instead was the result of the *removability* of the railing itself. (D.I. 164 at 17).[4] As support for this argument, the Plaintiff's expert states,

> Due to the design of the loft with a single access by a spiral stairway, the removable guard at the wall opening in the second floor loft was provided to facilitate the movement of furniture into and out of the loft area. There was no feasible method to move large pieces of furniture such as a mattress or dresser into or out of the bedrooms on the loft level other than using the subject opening overlooking the lower level. There was no safe method to provide a removable guard at the

---

[4] The Bowman Defendants assert that if it is determined that the Plaintiff is liable due to a longstanding defect in the railing, Pettinaro would be liable in whole or in part for the same. (D.I. 151 at 4).

15

incident location due to the removal of the guard, either inadvertently or deliberately, creat[ing] a foreseeable fall hazard.

(D.I. 156-2 at 11).

Pettinaro has failed to provide the Court with sufficient evidence to demonstrate an absence of a genuine material fact that a superseding cause cut off Pettinaro's liability. Specifically, there exists a genuine material dispute as to whether removing the lag screw system was a superseding cause that cut off liability. The question whether the alteration of the system used to secure the railing acted as a superseding cause is properly a jury question. The Court denies Pettinaro's motion for summary judgment.

## Conclusion

For the reasons above, the Court will **GRANT IN PART AND DENY IN PART** Defendants Terrance Bowman and Janelle N. Stevenson's Motion for Summary Judgment (D.I. 138), **GRANT** Third-Party Defendants Dennis Home Inspections, Inc., and William R. Dennis, Jr.'s Motion for Summary Judgment (D.I. 136), **GRANT** Defendants Conway Management Group LLC, Conway Management LLC, Towne Estates Condominium Association, Towne Estates Condominium Owners Association Inc., and Towne Estates Council's Motion for Summary Judgment (D.I. 143), **DENY** Third-Party Defendant Pettinaro Construction Co., Inc.'s Motion for Summary Judgment (D.I. 133). Third-Party Defendants Dennis Home Inspections, Inc., and William R. Dennis, Jr.'s Motion In Limine To Bar The Testimony of Fleisher Forensics (D.I. 136) is **DISMISSED AS MOOT**. Defendants Conway Management Group LLC, Conway Management LLC, Towne Estates Condominium Association, Towne Estates Condominium Owners Association Inc., and Towne Estates Council's Motion to Preclude Trial testimony of Plaintiff's Proffered Expert, Walter Green, (D.I. 141) is **DISMISSED AS MOOT**.

16

An appropriate order will be entered.