IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **LISA ANN MARTINEZA,**<br><br>                Plaintiff,<br><br>v.<br><br>**TOWNE ESTATES CONDOMINIUM OWNERS ASSOCIATION, INC.,** *et al.*,<br><br>                Defendants. | Civil Action No. 1:12-cv-779-RGA |
| **TERRANCE BOWMAN and JANELLE N. STEVENSON,**<br><br>                Third-Party Plaintiffs,<br><br>v.<br><br>**PETTINARO CONSTRUCTION CO.,** *et al.*<br>                Third-Party Defendants. | |

MEMORANDUM ORDER

Having considered all the papers and argument submitted regarding the Motion for Reconsideration of the Court's May 28, 2014 Memorandum Opinion (D.I. 193) and the response (D.I. 194), the Court **DENIES** the Motion.

The Bowman Defendants request reconsideration on two grounds. First, that the Memorandum Opinion incorrectly granted the motion for summary judgment in favor of the Home Inspector Defendants, despite the Home Inspector Defendants not bringing a motion against the Bowman Defendants. Second, that the Court improperly denied the Bowman Defendants' motion for summary judgment on the issue of breach of duty to the Plaintiff. The Court will take these two issues in turn.

1

The Court disagrees with the Bowman Defendants and finds there was a ripe motion for summary judgment in front of the Court regarding the Home Inspector Defendants. The final paragraph of the Home Inspector Defendants' brief reads, "The [Home Inspector Defendants] also join the motions for summary judgment filed by the Pettinaro and Bowman defendants, and adopt their statement of facts to the extent pertinent here." (D.I. 136 at 4). Additionally, it was clear at the time of the oral argument that the Home Inspector Defendants were seeking a motion for summary judgment against the Bowman Defendants. (D.I. 189 at 109 ("I have joined in actually all three of the defense briefs and motions. But I've obviously joined in [Pettinaro's] motion to get out of this case as well as another third-party defendant for pretty much the same grounds."). The Bowman Defendants' motion for reconsideration is **DENIED**.

Turning to the Bowman Defendants' second argument. Delaware Local Rule 7.1.5 allows for parties to file a motion for re-argument within 14 days after the court issues its opinion or decision. A court should grant such a motion when "[t]he Court has patently misunderstood a party or made an error not of reasoning but of apprehension." *Oglesby v. Penn Mut. Life Ins. Co.*, 877 F. Supp. 872, 892 (D. Del. 1994), *aff'd on other grounds* 127 F.3d 1096 (3d Cir. 1997). Motions for re-argument should be granted sparingly and parties should not be permitted to use them simply to relitigate matters that have already been addressed by the Court. *Id.* Here, the Bowman Defendants have simply re-hashed arguments that were either made to the court, or could have been made to the Court. Therefore, the Bowman Defendants' motion for re-argument concerning their duty to the Plaintiff is **DENIED**.

Entered this 2nd day of July, 2014.

*/s/ Richard G. Andrews*
United States District Judge

2